IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENNIS FREIDT, | CV 26-37-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, JAMES SALMONSEN, DONALD L. HARRIS, | |
| Respondents. | |

This matter comes before the Court on state pro se petitioner Dennis Freidt's

application under 28 U.S.C. §2254, seeking habeas corpus relief. (Doc. 1.) Friedt

supplemented his petition with two additional documents. (Docs. 1-1 & 1-2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts requires courts to examine the petition before ordering the

respondent to file an answer or any other pleading. The petition must be

summarily dismissed "[i]f it plainly appears from the face of the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court."

*Id.*; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition

1

or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

The petition at hand is the fifth Friedt has filed in this Court challenging his 2018 Sexual Assault conviction.  His first petition was dismissed with prejudice. *Friedt v. Salmonsen et al.*, CV 21-48-BLG-DWM, Ord. (D. Mont. Feb. 16, 2022). Friedt's second petition, *Friedt v. Salmonsen et al.*, CV 23-21-BLG-SPW, and third, *Friedt v. Salmonsen*, CV 23-51-SPW-TJC, were also dismissed as unauthorized second petitions.  Friedt again sought review of his 2018 criminal proceeding and sentence in *Friedt v. Salmonsen et al.*, CV 24-45-BLG-SPW-TJC. There, Friedt was advised that this Court lacks jurisdiction to hear any further challenges to his 2018 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *Friedt v. Salmonsen et al.*, CV 24-45-BLG-SPW-TJC, Ord. (D. Mont. May 17, 2024)(*citing Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Friedt's fifth petition must likewise be dismissed. Friedt's 2018 judgment of conviction represents the only state criminal proceeding of which he seeks review. No matter how he has tried to appeal or modify the underlying sentence, the intent of Friedt's repeated actions has been to affect the outcome of his state criminal proceedings. That is the purpose of his habeas petition here. As Friedt has been previously informed, the Court lacks jurisdiction to consider any further challenges

2

to his 2018 criminal judgment unless and until the Ninth Circuit authorizes him to do so. *See, Burton*, 549 U.S. at 149. Absent such authorization, Friedt may not proceed in this Court.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Friedt has not made a substantial showing of the denial of a constitutional right. Further, because this Court lacks jurisdiction to hear a successive petition, reasonable jurists would not find the procedural ruling debatable. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.      Friedt's Petition (Doc. 1) is DISMISSED with prejudice as an unauthorized successive petition.

2.      The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3.      A certificate of appealability is DENIED.

DATED this _23rd_ day of April, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

4